BRADY et al., Respondents, v. DUFFY, Appellant. (Common Pleas of New York City and County, Additional General Term. December 16, 1895.) Action by Thomas Brady and another against Michael E. Duffy. M. E. Duffy, in pro. per. Robert J. Mahon, for respondents. No opinion. Judgment reversed; new trial ordered; costs to appellant to abide the event.

BROCK, Respondent, v. ROCHESTER RY. CO., Appellant. (Supreme Court, General Term, Fifth Department. December 28, 1895.) Acton by Albert A. Brock as administrator, etc., against the Rochester Railway Company. No opinion. Judgment and order affirmed.

BROCKETT et al., Respondents, v. WHITCOMB, Appellant. (Supreme Court, General Term, Fifth Department. December 28, 1895.) Action by Ida S. Brockett and another, as administrators, etc., against Flynn Whitcomb, as executor, etc. No opinion. Judgment affirmed, with costs, payable out of the estate.

BURKHARDT, Respondent, v. NEW YORK EL. R. CO. et al., Appellants. (Superior Court of New York City, General Term. December 18, 1895.) Action by Elizabeth Burkhardt against the New York Elevated Railroad Company. Davies, Short & Townsend (Julien T. Davies and George T. Aldrich, of counsel), for appellants. E. W. Tyler and Edward A. Hibbard, for respondent.

PER CURIAM. The judgment should be affirmed, with costs.

BYRNE, Respondent, v. REARDON, Appellant. (Common Pleas of New York City and County, Additional General Term. December 16, 1895.) Action by James C. Byrne against Mary E. Reardon. Thomas J. Purdy, for appellant. M. Fennelly, for respondent. No opinion. Judgment affirmed, with costs.

In re CADY et al. (Supreme Court, Appellate Division, Second Department. January 21, 1896.) Applications by Daniel L. Cady, Hyacinte Ringrose, H. Digby Johnson, and Isaac A. Hourwich to be admitted to practice as attorneys. No opinion. Applications granted.

In re CAMP et al. (Supreme Court, General Term, Second Department. December 2, 1895.) Petition by William C. Camp and others for an accounting by Nelson Cross, as executor of the will of Calvin B. Camp, deceased. William C. Beecher, for appellant. F. B. Jennings, for respondents.

BROWN, P. J. The rights of the petitioners and their father, Calvin B. Camp, in and to the fund in question, were fully discussed and settled in the proceeding instituted during Mr. Camp's lifetime. The court of appeals decided that Calvin B. Camp received the fund as guardian for his children, subject to his individual right to the use of the same for his own life; that the surrogate had power to direct an accounting; but that payment to the infants could not be directed during the guardian's lifetime. Accordingly, the decree of the surrogate directing immediate payment to the petitioners was reversed, and the accounting directed to proceed anew. In re Camp, 126 N. Y. 377, 27 N. E. 799. Pending the new accounting, Mr. Camp died. Thereupon this proceeding was instituted. Jurisdiction to direct the executor of a deceased guardian to account is conferred upon the surrogate by section 2606 of the Code of Civil Procedure. There is no denial in the answer of the allegations in the petition as to the prior proceedings against Mr. Camp; and, it having been there determined that he was bound to render an account of his proceedings as guardian, that question is not open for consideration here. It is to be taken as a fact that the fund was received by Mr. Camp as guardian. The appointment as guardian having been admitted, the right of the petitioners to an accounting was established. The order must be affirmed, with $10 costs and disbursements. All concur.

CAMPBELL, Appellant, v. ROBERTSON, Respondent. (Supreme Court, General Term, Fifth Department. December 28, 1895.) Action by Mary Jane Campbell against Joseph B. Robertson, impleaded, etc. No opinion. Judgment affirmed, without costs.

CANDA v. TOTTEN. (Supreme Court, General Term, Second Department. December 27, 1895.) Action by Lizzie J. Canda against John Totten. No opinion. Motion to resettle order of reversal granted. See 33 N. Y. Supp. 962.

CANTORE v. METROPOLITAN ST. RY. CO. (Supreme Court, Appellate Division, Second Department. January 14, 1896.) Action by Guiseppi Cantore against the Metropolitan Street-Railway Company. No opinion. Order affirmed, with $10 costs and disbursements. All concur, except PRATT, J., not sitting.

CITY OF BUFFALO v. DAY. (Superior Court of Buffalo, General Term. July, 1895.) Application of the city of Buffalo for the appointment of commissioners to ascertain compensation for land taken for park purposes, against David F. Day, assignee, etc. No opinion. Order appealed from affirmed, with costs and disbursements.

CITY OF BUFFALO v. HOUCK. (Superior Court of Buffalo, General Term. July, 1895.) Action by the city of Buffalo against Louis H. Houck. No opinion. Exceptions sustained, and verdict set aside, and a new trial ordered, with costs to abide the event. WHITE, J., does not sit in this case.

In re COHEN'S WILL. (Supreme Court, General Term, Second Department. December 2, 1895.) In the matter of the probate of the last will and testament of Joseph Cohen, deceased. No opinion. Decree of surrogate affirmed, with costs, to be paid by appellant. All concur.

COLBY et al., Appellants, v. DOTY, Respondent. (Supreme Court, General Term, Fifth Department. December 28, 1895.) Action by Zaccheus Colby and others against